

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
### AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Bayne Satterfield
Firemen's Pension Commissioner
Austin, Texas

Opinion No. O-6851

Re: Basis of compensation for fire-
men and policemen who worked
during their fifteen day vaca-
tions because of the war emer-
gency

Dear Sir:

We have received your recent request for an opin-
ion, and same, with formal parts omitted, appears as fol-
lows:

"Section 1 of Senate Bill No. 54, 49th Legis-
lature, provides that no member of any fire de-
partment or police department shall be required
to be on duty more than six (6) days in any one
week.

"Section 3 of the Bill provides that members
of such departments shall be allowed fifteen
(15) days vacation each year with pay.

"Section 5 of the Bill provides that the City
officials having supervision of the Fire and Pol-
ice Departments shall designate the days of the
week upon which each member shall be allowed to
be on vacation.

"The last clause of Section 6 of the Act reads:
'or if required to work on any day which has been
designated as the day of the week that such member
of said department should not be required to be on
duty, additional compensation at the rate of time

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

and one-half overtime computed upon the basis
of their monthly salary shall be paid to them
for such additional time as they are required
to work.'

"Under the provisions of the Act:

"Are Firemen and Policemen entitled to time
and one-half for the 15 days vacation period
where they worked during their 15 day periods
because of the war emergency - or is the time
and one-half overtime confined to the day of
the week designated under the provisions of
Section 5?"

The 49th Legislature of the State of Texas, in
1945, enacted Senate Bill No. 54, which is incorporated
in Vernon's Annotated Penal Code as Article No. 1583-1,
and such Act provides as follows:

"BE IT ENACTED BY THE LEGISLATURE OF THE
STATE OF TEXAS:

"Section 1. No member of any fire department
or police department in any city of more than
twenty-five thousand (25,000) inhabitants shall
be required to be on duty more than six (6) days
in any one week.

"Sec. 2. The preceding subdivision shall not
apply to cases of emergency.

"Sec. 3. Each member of any such departments in
any city of more than thirty thousand (30,000) in-
habitants shall be allowed fifteen (15) days vaca-
tion in each year with pay; provided that the pro-
visions of this Section of this Act shall not be
applied to any member of any such department in any
city of more than thirty thousand (30,000) inhabit-
ants unless such member shall have been regularly

employed in such department or departments for a period of at least one (1) year.

"Sec. 4. Each preceding Federal Census shall determine the population.

"Sec. 5. The city officials having supervision of the fire department and police department shall designate the days of the week upon which each such member shall not be required to be on duty, and the days upon which each such member shall be allowed to be on vacation.

"Sec. 6. It shall be unlawful for any city of more than forty thousand (40,000) inhabitants to require or permit any such fireman and policeman to work more than twelve (12) hours per calendar day or more than seventy-two (72) hours in any one calendar week, and in no event, more than one hundred and forty-four (144) hours in any two (2) consecutive calendar weeks in the discharge of their duties except in case of emergency which may arise where it may become necessary to work more than twelve (12) hours per calendar day, or more than seventy-two (72) hours in any one calendar week, or more than one hundred and forty-four (144) hours in any two (2) consecutive calendar weeks for the protection of property or human life; said fireman and policeman shall draw additional compensation for the number of hours worked in addition to the regular twelve-hour calendar day, or more than the regular seventy-two (72) hours in any one calendar week, or more than the regular one hundred and forty-four (144) hours in any two (2) consecutive calendar weeks; or if required to work on any day which has been designated as the day of the week that such member of said department should not be required to be on duty, additional compensation at the rate of time and one-half overtime computed upon the basis of their monthly salary shall be paid to them for such additional time as they are required to work.

"Sec. 7. It is further provided that in any city of more than forty thousand (40,000) inhabitants each member of any such department shall receive the sum of One Hundred and Fifty ($150.00) Dollars per month as a minimum wage for said services so rendered.

"Sec. 8. The city official having charge of the fire department or police department in any such city who violates any provisions of this Act shall be fined not less than Ten ($10.00) Dollars nor more than One Hundred ($100.00) Dollars, and each day on which said city official shall cause or permit any Section of this Act to be violated shall constitute and be a separate offense.

"Sec. 9. Nothing in this Act shall be construed as amending, altering or changing in any manner whatsoever the provisions of Article 1583, Penal Code of Texas, as amended, Acts 1935, 44th Legislature, page 377, Chapter 139, Section 1; Acts 1937, 45th Legislature, page 358, Chapter 173, Section 1; Acts 1943, 48th Legislature, page 309, Chapter 201, Section 1. This Act is cumulative and in addition to said laws set out in this Section.

"Sec. 10. The fact that the present Statutes regarding the provisions of this Act are unsatisfactory as to the cities involved and is a material injury to members of the fire and police departments mentioned in this Act; and the fact that firemen and policemen in this state are underpaid in many cities; and the further fact that the lives and property of our citizens are involved from the standpoint of protection, creates an emergency and an imperative public necessity that the Constitutional Rule requiring bills to be read on three several days in each House be, and the

same is hereby suspended, and that this Act take effect and be in force from and after its passage, and it is so enacted." (Underlining ours)

Section 5, supra, by the use of the conjunctive "and" between the clauses underlined hereinabove, clearly denotes a recognition of distinction in the meaning of said clauses.

Section 6, supra, confines the overtime pay to a period defined in substantially the same language as that used in the first herein underlined clause of said Section 5, i.e., the clause reading: "days of the week upon which each such member shall not be required to be on duty."

Therefore, under the plain provisions of said Act, we are constrained to hold that the time and one-half overtime compensation provided therein does not apply to the fifteen day vacation period, except in cases where the member entitled to the vacation is required to work more than twelve hours per calendar day during such period, or more than seventy-two hours in any one calendar week of such period, or more than one hundred and forty-four hours in any two consecutive calendar weeks of such period, for the protection of property or human life. In such instances, the overtime period would be the excess hours worked as next before designated.

However, as Section 3, supra, specifically provides for fifteen days vacation in each year with pay for members of the departments who meet the requirements of said section, we believe this provision is mandatory; and, in event such fireman or policeman is required to work during such period, he is entitled to the regular rate of compensation for the time he works, exclusive of

overtime, in addition to the regular rate of compensation for such period of vacation time. There is no provision in said Act that allows the suspension of such annual vacation period with pay because of emergency or necessity. More specifically, if such fireman or policeman is on the payroll at $150.00 per month and is required to work during the entire period of his 15 day vacation, then he is entitled to $75.00 as regular pay for his vacation period and an additional $75.00 for working during the time provided as his vacation period. If he worked the balance of the month also, then he would be entitled to a total pay check for that month of $225.00. This figure, of course, does not include any overtime pay he might have earned during this month.

We believe this to be lawful and equitable. To hold otherwise would seem to defeat the very purpose of said Act, which, among other things, guarantees the members of said departments a paid vacation. We believe it unquestioned that if any of such firemen or policemen were allowed to take his vacation with pay, then any other person who filled the absent member's job during such vacation period would be entitled to pay therefor. We cannot see any material distinction between the next before instance and one where the fireman or policeman, entitled to a paid vacation, was required to work and did work during his own vacation period. On the other hand, we do see an injustice in requiring one who works during his vacation period to receive no more than he would have if he had not worked. We point out that this is not "overtime" but merely "straight time" plus "vacation pay".

Trusting the foregoing answers every phase of your question, we are

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By /s/ Robert L. Lattimore, Jr.

Robert L. Lattimore, Jr.
Assistant

APPROVED DEC 20 1945

Carlos C. Ashley

FIRST ASSISTANT
ATTORNEY GENERAL

RLL:jt

THIS OPINION CONSIDERED AND APPROVED
IN LIMITED CONFERENCE